UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 06-282-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MATTHEW ARTHUR, | |
| Defendant. | |

HAGGERTY, Chief Judge:

    Defendant Matthew Arthur (defendant) argues that the facts of this case suggest that the government may have chosen to prosecute him because he failed to cooperate with the Federal Bureau of Investigation (FBI) in its investigation of an incident involving the shooting of tribal

OPINION AND ORDER- 1

police officers, in which defendant's acquaintance was a suspect. Accordingly, defendant seeks to discover memoranda, notes, correspondence, e-mails, or other communications that might reveal: (1) when circumstances regarding his traffic arrest were first referred for federal prosecution; (2) whether the government previously declined to prosecute the matter; (3) any information considered in the prosecution's decision-making process; (4) any information showing the reason for the twenty-three-month delay between the date of defendant's arrest and the presentation of the matter to the grand jury; (5) all information pertaining to the investigation of an October 29, 2004, shooting involving members of the Warm Springs tribal police; (6) details regarding the appointment of a Special Agent for the FBI as Special Assistant United States Attorney; (7) internal policies regarding charging decisions for violations of the federal weapon possession statutes (18 U.S.C. § 922(g)(1)); and (8) prior charging decisions during the past ten years by the United States Attorney's Office for the District of Oregon concerning § 922(g)(1) violations on Native American territory. The government opposes this motion on grounds that defendant has not made a sufficient prima facie showing of vindictive prosecution to warrant additional discovery.

In his Reply, defendant also moves to strike as hearsay certain affidavits submitted by the government in support of its response to defendant's Motion for Discovery. Accordingly, the court construes defendant's Reply as a Motion to Strike. The government opposes this as well.

The court heard oral argument on January 25, 2007. For the following reasons, defendant's Motion to Strike is denied and defendant's Motion for Discovery is granted in part and denied in part.

### BACKGROUND

OPINION AND ORDER- 2

On August 21, 2004, defendant was arrested for Driving Under the Influence of Intoxicants on the Warm Springs Reservation. The arresting officer searched the car defendant had been driving and allegedly found a loaded semi-automatic pistol on the floor.

Defendant was advised of his Tribal Advice of Rights, which do not include a right to appointed counsel. Defendant then allegedly admitted to the arresting officer that the gun was his.

On November 18, 2004, FBI Special Agent Jason Ghetian (SA Ghetian) visited defendant while he was incarcerated at the Warm Springs jail. SA Ghetian advised defendant of his federal constitutional rights, and defendant signed a form acknowledging that he waived these rights. SA Ghetian informed defendant that he wanted to discuss defendant's knowledge of events that transpired on October 29, 2004, when an unknown male fired a handgun at Warm Springs police officers during a high-speed chase.

SA Ghetian knew that defendant had been in possession of the car involved in that incident and that defendant was a possible suspect in the shooting. SA Ghetian's report indicates that he questioned defendant at length about his possession of the car.

During this interview, SA Ghetian also questioned defendant about his arrest on August 21, 2004. Defendant allegedly admitted that the gun found under the seat was his. SA Ghetian testified that at the end of the interview, he told defendant that he might still be in trouble for having possession of the gun. Defendant asserts, and the government does not dispute, that investigation of the required elements of the felon in possession of a firearm charge was complete by the end of November 2004.

OPINION AND ORDER- 3

SA Ghetian interviewed defendant again on July 28, 2005, concerning another incident involving another person named Howell. SA Ghetian also spoke with defendant about a suspect in the shooting case on that day, and he "was trying to get [defendant] to cooperate and say what he knew about the [shooting] case." Ex. in Supp. of Def.'s Mot. for Discovery (hereinafter Ghetian Testimony) at 28. SA Ghetian testified that he told defendant that he "would talk to the prosecutor and see what we can do." Ghetian Testimony at 28. Asked to clarify, SA Ghetian testified that he told defendant that "if he would cooperate with us in prosecuting or in telling us what he knew against [the other suspect], that I would make that information known to [the prosecutor] and it might have a bearing – or it might or could have a bearing on his felon in possession charge." Ghetian Testimony at 29. SA Ghetian acknowledged that defendant declined to discuss the other suspect. Ghetian Testimony at 30.

The indictment in this case issued on July 12, 2006, nearly two years after defendant allegedly admitted to SA Ghetian that the gun found on August 21, 2004, was his. The prior felonies alleged in the indictment are possession of a controlled substance and attempt to elude the police.

On August 29, 2006, Special Assistant United States Attorney Jared Garth (SAUSA Garth), who has been assigned to defendant's prosecution case, asked defendant's counsel if defendant would be interested in entering a cooperation agreement with the government. According to the government, defendant's counsel advised SAUSA Garth that defendant would not cooperate several weeks later, after Garth provided a copy of SA Ghetian's report from the November 18, 2004, interview.

OPINION AND ORDER- 4

On November 13, 2006, defendant moved to suppress the weapon and his statements to the tribal officer and SA Ghetian. This court granted defendant's Motion to Suppress his alleged statements that the gun was his on grounds that defendant was not advised of his federal constitutional rights at the time he made them. However, the court declined to suppress the gun that was allegedly seized from the car driven by defendant.

On December 14, 2006, defendant filed this motion seeking leave to gather additional discovery.

## ANALYSIS

**1.     Defendant's Motion to Strike**

Defendant moves to strike as hearsay the affidavits submitted by the government in its Response [35]. In the affidavits, SAUSA Garth and SA Ghetian offer testimony regarding their involvement in prosecuting defendant. Defendant argues that the affidavits contain hearsay, the introduction of which would violate his Sixth Amendment right to confront the witnesses against him. Defendant asserts that any testimony offered by the government must be presented by witnesses under oath and subject to cross-examination.

The rules of evidence normally applicable in criminal trials have less force at preliminary proceedings that present questions for the judge, such as the admissibility of evidence. *See, e.g.*, *United States v. Matlock*, 415 U.S. 164, 173-74 (1974) (district court judge may consider hearsay evidence to determine if probable cause existed to arrest a defendant); *see also United States v. Brewer*, 947 F.2d 404, 410 (9th Cir. 1991) ("the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence"); *United States v. Whitten*, 706 F.2d 1000, 1019 (9th Cir. 1983).

OPINION AND ORDER- 5

Here, the affidavits containing out-of-court statements have been introduced in opposition to a discovery motion, a preliminary matter that is for the court to decide. Therefore, defendant's Motion to Strike the affidavits is denied for purposes of deciding defendant's discovery motion. Defendant may, however, file a renewed Motion to Strike to prevent such evidence from being used against him in subsequent proceedings or at trial.

**2.    Defendant's Motion for Discovery**

Under Fed. R. Civ. P. 16(a)(1)(E), an accused is entitled to discover actual evidence in the government's control that is relevant to his or her response to the government's case-in-chief. *United States v. Armstrong*, 517 U.S. 456, 462-63 (1996). Rule 16 does not require discovery relating to claims challenging the prosecution's conduct in general. *United State v. Chon*, 210 F.3d 990, 994-95 (9th Cir. 2000) (Rule 16 does not permit discovery of materials in connection with defendant's selective prosecution claim). The government has satisfied its discovery obligations under Rule 16.

However, defendant seeks additional discovery to support a possible claim of vindictive prosecution. Vindictive prosecution occurs when a prosecutor brings additional charges solely to punish the defendant for exercising a constitutional or statutory right. *See United States v. Van Doren*, 182 F.3d 1077, 1081-82 (9th Cir. 1999). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *United States v. Goodwin*, 457 U.S. 368, 372 (1982). On the other hand, exercising rights against the government does not entitle an individual to break the law and then insist that any ensuing prosecution be quashed as retaliatory. *United States v. Choate*, 619 F.2d 21, 23 (9th Cir. 1980).

To obtain additional discovery against the government, the accused must establish "a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense." *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir. 1990) (citation omitted).

A claim of vindictive prosecution requires a two-part showing by the accused: (1) that others similarly situated have not been prosecuted; and (2) that the prosecution was based on an impermissible motive. *Id.* at 420 (citations and quotations omitted).

The accused has the initial burden to put forth direct evidence of actual vindictiveness or to show facts suggesting the appearance of vindictiveness. *United States v. Edmonds*, 103 F.3d 822, 826 (9th Cir. 1996) (citations and quotation omitted). Once the accused establishes actual or apparent vindictiveness, the burden shifts to the government to show that "independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its [prosecutorial] decisions." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (quotation omitted).

The court considers the totality of the circumstances surrounding the indictment to determine whether there is an appearance of vindictiveness. *United States v. Griffin*, 617 F.2d 1342, 1347 (9th Cir. 1980). Vindictiveness may be inferred even in the absence of evidence that the prosecution in fact acted with a malicious or retaliatory motive in seeking the indictment. *Id.* at 1346. There is an appearance of vindictiveness when there is a reasonable likelihood that the prosecutor would not have filed charges but for hostility toward the defendant because the defendant exercised his or her legal rights. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982).

OPINION AND ORDER- 7

Prosecutors have broad discretion in deciding who to prosecute, and the mere fact that not all criminals are prosecuted does not suggest the appearance of vindictiveness. *See One 1985 Mercedes*, 917 F.2d at 421. Additionally, prosecutors may threaten additional charges during plea negotiations, and the filing of additional charges after a defendant refuses to plead guilty does not raise a presumption of vindictiveness. *Jeffers v. Lewis*, 38 F.3d 411, 418 (9th Cir. 1994).

The government asserts generally that defendant has made an insufficient showing that "there is a likelihood of vindictiveness" and that defendant's motion for additional discovery relies on pure speculation.

However, to obtain additional discovery defendant need not make a showing that the government has actually engaged in vindictive behavior, or that there is a "likelihood of vindictiveness." Rather, he need only show "some evidence" that there is an "appearance" of vindictiveness in the government's conduct. *One 1985 Mercedes*, 917 F.2d at 421.

Defendant points to several facts that he argues provide sufficient evidence tending to show that the government may have chosen to prosecute defendant because he refused to cooperate in its investigation of the shooting. The government waited almost two years after completing its investigation to prosecute this relatively simple case, which suggests that something unusual occurred in the prosecutorial decision-making process. *Cf. Goodwin*, 457 U.S. at 381 (no presumption of vindictiveness when prosecutor's investigation had not yet crystallized).

Although the government asserts that it declined to prosecute defendant initially because defendant's statements to the arresting tribal officer might be subject to suppression, this fails to

OPINION AND ORDER- 8

explain the almost two-year delay after SA Ghetian obtained a confession from defendant. As to that, the government states merely that the matter "was prioritized accordingly" after SA Ghetian obtained defendant's confession.

The government argues that the timing of defendant's prosecution is not enough to warrant additional discovery. The government relies on *United States v. Gregory*, 322 F.3d 1157, 1160 (2003), which allowed an almost two-year delay between the initial indictment and a third superceding indictment. This reliance is misplaced. Although the district court considered a vindictive prosecution claim, 160 F. Supp. 2d 1166, 1179 (D. Hawaii 2001), the Ninth Circuit never discussed that claim. Moreover, the district court in *Gregory* found that the two-year delay alone was insufficient to justify dismissing the indictment based on prosecutorial vindictiveness. *Id.* The court did not address whether such a delay warranted additional discovery related to a vindictiveness claim.

During the unusually long pre-indictment period, the FBI twice contacted defendant to discuss the facts of the unrelated shooting case. Indeed, SA Ghetian admitted that he told defendant that his cooperation with the FBI in the shooting case could have a bearing on the prosecution of this case.

These circumstances support allowing discovery given the FBI's involvement in both the investigation and prosecution of this case. *Cf. United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981) (no vindictive prosecution when U.S. Attorney's Office prosecuted the case, but alleged vindictiveness came from investigating agent only). Indeed, SAUSA Garth acknowledges that he reviewed the U.S. Attorney's file and the "results" of SA Ghetian's November 18, 2004, interview about the shooting investigation before announcing his intention

to seek an indictment against defendant, and that he spoke with SA Ghetian about seeking the indictment.

This court finds adequate evidence suggesting an appearance of vindictiveness to warrant additional discovery to support a possible claim of vindictive prosecution. *One 1985 Mercedes*, 917 F.2d at 421. The court declines to allow discovery of information relating to the investigation of the October 29, 2004, shooting. Not only is such information sensitive, but its connection to the charge faced by defendant here is tangential. Defendant's remaining discovery requests provide access to more than enough information to determine whether a vindictive prosecution claim is sustainable.

## CONCLUSION

Defendant's Reply [37], which the court construes as a Motion to Strike, is DENIED. Defendant's Motion for Discovery [30] is GRANTED IN PART AND DENIED IN PART as follows: Defendants Motion for Discovery is GRANTED as to memoranda, notes, correspondence, e-mails, or other communications that reveal: (1) when defendant's conduct was first referred for federal prosecution; (2) whether the government previously declined to prosecute the matter; (3) any information considered in the prosecution's decision-making process; (4) any information showing the reason for the twenty-three-month delay between the date of defendant's arrest and the presentation of the matter to the grand jury; (5) details regarding the appointment of FBI Special Agent as Special Assistant United States Attorney; (6) internal policies regarding charging decisions for violations of § 922(g)(1); and (7) prior charging decisions during the past ten years by the United States Attorney's Office for the District of Oregon concerning § 922(g)(1) violations on Native American territory. Defendant's

OPINION AND ORDER- 10

motion for discovery is DENIED as to memoranda, notes, correspondence, e-mails, or other communications that reveal information pertaining to the investigation of the October 29, 2004, shooting.

    IT IS SO ORDERED.

    DATED this __2__ day of February, 2007.

                                       /s/ ANCER L. HAGGERTY
                                        ANCER L. HAGGERTY
                                        United States District Judge